# Exhibit 1

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| **JUDICIAL DISTRICT** | **SUMMONS** | 23- -NO |
| 36th **JUDICIAL CIRCUIT** | | *073478* |
| VanBuren **COUNTY** | | |

| Court address | Court telephone no. |
|---|---|
| 212 E. Paw Paw Street, 2nd Floor, Paw Paw, MI 49079 | 269-657-8200 |

| Plaintiff's name, address, and telephone no. | | Defendant's name, address, and telephone no. |
|---|---|---|
| LISA MacDONALD, Personal Representative for the ESTATE OF EMILY D. MacDONALD, deceased and STEPHEN ERNSTER, Personal Representative for the ESTATE OF KORY M. ERNSTER, deceased | v | CITY OF SOUTH HAVEN, a Michigan Municipal Corporation 539 Phoenix Street South Haven, MI 49090 |
| Plaintiff's attorney, bar no., address, and telephone no. | | |
| Ronald L. Marienfeld II (P64232) MARIENFELD LAW, PLLC P.O. Box 965 Jackson, MI 49204 (517) 888-5900 / ron@marienfeldlaw.com | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☑ this court, ☐ _____ Court, where

it was given case number 22-072271-NO _____ and assigned to Judge David J. DiStefano

The action ☑ remains ☐ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 11/20/2023 | 2/20/2024 | SUZIE ROEHM |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (3/23) **SUMMONS** MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

**Summons**   (3/23)

Case No. 23- *073478* -NO

## PROOF OF SERVICE

**TO PROCESS SERVER**: You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service, you must return this original and all copies to the court clerk.

## CERTIFICATE OF SERVICE / NONSERVICE

☐ I served   ☐ personally   ☐ by registered or certified mail, return receipt requested, and delivery restricted to the the addressee (copy of return receipt attached)   a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| Place or address of service | |
| Attachments (if any) | |

☐ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Name (type or print) |

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of a copy of the summons and complaint, together with

_____ on _____ .
Attachments (if any)          Date and time

_____ on behalf of _____
Signature

_____
Name (type or print)

MCL 600.1910, MCR 2.104, MCR 2.105

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF VAN BUREN

LISA MacDONALD, Personal
Representative for the ESTATE OF
EMILY D. MacDONALD, deceased
and STEPHEN ERNSTER, Personal
Representative for the ESTATE OF
KORY M. ERNSTER, deceased,

Case No:  23-073478 -NO

Hon. David Distefano

      Plaintiff,

v

CITY OF SOUTH HAVEN,
a Michigan Municipal Corporation,

      Defendant.

---

Ronald L. Marienfeld II (P64232)
MARIENFELD LAW, PLLC
Attorney for Plaintiffs
P.O. Box 965
Jackson, MI 49204
(517) 888-5900
ron@marienfeldlaw.com

---

## COMPLAINT

*There is another pending civil action between these parties or
other parties arising out of the transaction or occurrence alleged in the Complaint
in Van Buren County Circuit Court, Case Number 22-072271-NO
assigned to the Honorable David J. DiStefano.*

Plaintiff Lisa MacDonald Personal Representative for the Estate of Emily D.

MacDonald, deceased, and Plaintiff Stephen Ernster, Personal Representative for

the Estate of Kory M. Ernster, deceased, by their attorney, MARIENFELD LAW,

PLLC and for the General Allegations of their Complaint, state as follows:

1

## GENERAL ALLEGATIONS

1.      Plaintiff's decedent, Emily D. MacDonald, at all times relevant herein, was a resident of the County of St. Clair, State of Michigan.

2.      Plaintiff Lisa MacDonald, Personal Representative for the Estate of Emily MacDonald is a resident of the County of St. Clair, State of Michigan.

3.      Plaintiff's decedent, Kory Ernster, at all times relevant herein was a resident of the County of Dane, State of Wisconsin.

4.      Plaintiff Stephen Ernster, Personal Representative for the Estate of Kory Ernster is a resident of the County of Oakland, State of Michigan.

5.      Defendant City of South Haven is a Michigan Municipal Corporation located in the County of Van Buren, State of Michigan.

6.      Upon information and belief, Defendant City of South Haven owns, operates, supervises, manages and/or controls the beaches and flag warning system along the shoreline of Lake Michigan at South Beach, City of South Haven, County of Van Buren, State of Michigan.

7.      The incident which is the subject matter of this lawsuit occurred in the County of Van Buren, State of Michigan.

8.      The amount in controversy is in excess of Twenty-Five Thousand ($25,000.00) Dollars.

### COUNT I – NEGLIGENCE/PREMISES LIABILITY
### EMILY D. MacDONALD

9.      Plaintiff hereby incorporates by reference paragraphs 1 through 8 as set forth above.

2

10.   On August 8, 2022, at approximately 1:00 p.m., Plaintiff's decedent Emily MacDonald (19) was swimming under yellow flag conditions posted by Defendant City of South Haven on Defendant's South Beach as an invitee, as more fully established by the following particulars:

A.   On the date of Plaintiff's decedent's death, Defendant City of South Haven's South Beach was held open for public patronage and use to the general public.

B.   Plaintiff's decedent entered South Beach through an unlocked entrance maintained by the establishment for visitor's use and was present as a paying patron during regular business hours while utilizing the beach.

C.   Plaintiff's decedent was expressly or impliedly invited upon the beach controlled by Defendant City of South Haven by way of oral invitations, written signs and/or advertisement.

D.   Plaintiff's decedent was on the business premises of Defendant City of South Haven's beach for the business purpose for which the beach was held open and transacted business in connection therewith.

11.   On or about August 8, 2022, at approximately 1:00 p.m., Plaintiff's decedent was swimming under yellow flag[1] conditions posted by Defendant's employees and/or agents on Defendant City of South Haven's South Beach when she went under the surface due to rip currents and drowned.

12.   Defendants were or should have been aware of the dangerous conditions as weather forecasts warned of beach hazards from St. Joseph to Manistee.

---

[1] Defendant provides yellow flags indicate moderate surf and caution is advised.   Red flags indicate no swimming is allowed.   The flags were changed to red following this incident.

3

13.     Also, the National Weather Service (NWS) had previously begun warning of dangerous conditions specifically:

- High swim risk
- Waves 4 to 7 feet
- Waves/currents especially dangerous near piers

14.     Regarding the aforementioned hazardous conditions, Defendant City of South Haven negligently and/or grossly negligently caused and allowed the hazard flags to remain at yellow along the section of beach where Plaintiff's decedent was swimming despite being on notice of hazardous conditions, so as to dangerously minimize the hazardous swimming conditions and failing to acknowledge the unsafe and unreasonably dangerous conditions then existing, thereby making the area unfit for persons to swim, all of which Defendant knew, or in the exercise of reasonable care, should have known.

15.     Defendant City of South Haven owned, managed and/or exercised control of South Beach and the flag warning system at the time of this incident when the Plaintiff's decedent swam under yellow flag conditions posted by Defendant on South Beach when she encountered the dangerous conditions in the water, causing her to go under the surface and drown.

16.     Defendant has experienced several prior drownings on South Beach due to hazardous wave conditions and improper flag warnings.

17.     MCL 691.1413 provides:

Sec. 13.
The immunity of the governmental agency shall not apply to actions to recover for bodily injury or property damage arising out of the performance of a proprietary function as defined in this section. Proprietary function shall mean any activity which is conducted primarily for the purpose of producing a pecuniary profit for the

4

governmental agency, excluding, however, any activity normally supported by taxes or fees. No action shall be brought against the governmental agency for injury or property damage arising out of the operation of proprietary function, except for injury or loss suffered on or after July 1, 1965.

18.    On the aforementioned date, Defendant had a duty to exercise ordinary care and caution in and about the maintenance of the flag warning system on the beaches in light of the existing weather/wave conditions and had a duty to keep the same monitored at all times and updated regularly for Plaintiff's decedent and other persons lawfully swimming in the area, so as not to permit swimming under hazardous conditions.

19.    On the aforementioned date, Plaintiff's decedent exercised ordinary care and caution and behaved in a reasonable and prudent manner, pursuant to the existing warnings posted by Defendant.

20.    Defendant failed to exercise ordinary care and caution in and about the maintenance of the flag warning system and beaches under its control and failed to keep the flag warning system updated and appropriate for conditions for Plaintiff's decedent and other persons lawfully swimming in the area.

21.    On the aforementioned date, Defendant carelessly, negligently and/or grossly negligently operated/maintained the beach flag warning system.   It was this negligent and/or grossly negligent and careless operation/maintenance of Defendant City of South Haven's flag warning system which caused or contributed to the damages and injuries to Plaintiff's decedent in the following particulars:

      A.    Defendant maintained the beach flag system in a manner so as to create a hazardous and dangerous condition.

      B.    Defendant failed to keep the beach safe and clear for its

5

invitees in general and Plaintiff's decedent in particular by not properly monitoring its flag system.

C.      Defendant failed to update the warning system for South Beach consistent with existing wave/current conditions of which it was on notice.

D.      Defendant failed to properly operate the beach flag system and warn Plaintiff's decedent of the dangerous and hazardous conditions then and there existing.

E.      Defendant failed to close the beach or take other actions to prevent swimming under the existing conditions.

F.      Defendant failed to inspect the water conditions in order to discover and diminish the hazard of injury to its invitees in general and Plaintiff's decedent in particular by updating the flag system.

G.      Defendant failed to timely place a red flag or close the beach to the public in light of the known wave conditions so as to diminish the hazard of injury to its invitees in general and to Plaintiff's decedent in particular.

H.      Defendant failed to have in place, at the time of Plaintiff's decedent's injuries, a procedure for the inspection of water on its beach as well as for the updating of the flag warning system.

I.      Defendant failed to exercise that degree of care, caution and circumspection that an entity maintaining a beach would generally exercise under the same or similar circumstances so that its invitees in general and Plaintiff's decedent in particular would not suffer harm.

J.      Defendant failed to inspect, discover or otherwise observe the wave conditions then and there existing in order to determine whether its invitees in general, and Plaintiff's decedent in particular could use its beach with reasonable safety.

K.      Defendant knew, or in the exercise of reasonable care, should have known that a dangerous and hazardous condition existed and that serious injury and/or death could result therefrom.

L.      Defendant City of South Haven, and/or its employees/agents knew, or in the exercise of reasonable care, should have known that their failure to adequately

6

upgrade the hazard flag or close the beach could result in serious injury and/or death to its invitees in general and Plaintiff's decedent in particular.

M.    Defendant failed to have in place and/or follow a written policy regarding inspection of its beaches and wave conditions at the time of Plaintiff's decedent's injuries.

N.    Defendant City of South Haven failed to adequately train its employees regarding inspecting its beaches for dangerous and hazardous conditions.

O.    Defendant failed to place lifeguards or other trained personnel to monitor the beach and flag warning system.

22.    Any negligence or gross negligence on the part of Defendant City of South Haven's employees, servants and/or agents is imputed to and becomes the negligence of the City through the doctrine of respondeat superior.

23.    As a direct and proximate result of Defendant's negligence or gross negligence, Plaintiff's decedent was seriously injured in her health, strength and activity sustaining injury to her body including, but not limited to: (1) loss of life/drowning; (2) Estate damages for loss of society and companionship.

24.    Plaintiff, on behalf of the Estate and all individuals entitled to damages under the wrongful death act, requests all damages that are fair and just under the circumstances, including, without limitation the following:

A.    Reasonable medical, hospital, funeral and burial expenses;

B.    Reasonable compensation for the pain and suffering the decent experienced while he was conscious during the time between his injury and his death;

C.    Losses suffered by the next of kin as a result of the decedent's death, including the following:

i.    Loss of financial support;

ii.    Loss of services;

7

iii.    Loss of gifts and other valuable gratuities;

iv.    Loss of parental training and guidance;

v.    Loss of society and companionship, and

vi.    Other miscellaneous losses.

Plaintiff makes claim for all non-economic losses and any economic losses pursuant to MCL 600.2922 and the amount in controversy exceeds the sum of Twenty-Five Thousand ($25,000.00) Dollars.    Plaintiff makes claim for any amount Plaintiff's Estate may be entitled to, plus costs and interest for whatever amount the Court may deem just and proper and the nature of this case may require.

### COUNT II – 42 USC § 1983
### EMILY D. MacDONALD

Plaintiff hereby incorporates by reference paragraphs 1 through 24 as set forth above.

25.    This action arises under 42 USC 1983. Jurisdiction is conferred by 28 USC 1331, 1343(3), (4).

26.    When the events alleged in this complaint occurred, Defendant City of South Haven's employes and/or agents were acting within the scope of their employment and under color of law, as well as the customs and policies of the City.

27.    At all material times, Defendant employed or utilized the services of employees and /or agents in regard to operation of the flag warning system on its beaches and is liable for their acts.    The county is also liable because of its policies, practices, and customs, which lead to this complaint of violation.

8

28.     On or about August 8, 2022, at approximately 1:00 p.m., Plaintiff's decedent was swimming under yellow flag conditions posted by Defendant's employees and/or agents on Defendant City of South Haven's South Beach when she went under the surface due to rip currents and drowned.

29.     Due to lack of lifeguards or qualified personnel on the beaches, Plaintiff's decedent had to be pulled from the water by other beach goers.

30.     Plaintiff's decedent's constitutionally protected rights that Defendant violated include the following:

31.     a.     her right to liberty protected in the substantive component of the Due Process Clause of the Fourteenth Amendment, which includes personal safety, freedom from captivity, and right to medical care and protection;

      b.     her right to fair and equal treatment guaranteed and protected by the Equal Protection Clause of the Fourteenth Amendment.

32.     Defendant's employees and/or agents acting under color of state law, provided Plaintiff's decedent a false sense of security by posting yellow flags on the baches in light of the hazardous wave/current conditions.   In doing so, they established a special custodial relationship with Plaintiff's decedent, giving rise to affirmative duties on their part to secure for her the constitutionally protected rights identified above.

33.     Defendant's employees' and/or agents' violation of their affirmative duties in posting yellow flags despite hazardous wave conditions and their knowledge of said conditions prevented Plaintiff's decedent from making an informed decision and violated her constitutionally protected rights. This situation,

while Plaintiff's decedent was acting upon Defendant's direction and flag warning system, is a direct and proximate cause of the subsequent deprivation of Plaintiff's decedent's constitutional rights described above.

34.  Defendant's employees and/or agents acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiff's decedent's constitutional rights. Further, their custom and practice of not properly utilizing the flag warning system and net providing lifeguards or qualified personnel on the beaches in light of the history of drownings, showed deliberate indifference to Plaintiff's decedent's personal safety and was a deprivation of her constitutionally protected rights.

35.  Defendant's employees'/agents' previously described posting of yellow warning flags in light of known hazardous conditions and failure to provide lifeguards, was done with a knowing disregard of an excessive risk to Plaintiff's decedent's health or well-being.

36.  As a direct and proximate result of Defendant's employees'/agents' conduct, Plaintiff's decedent suffered physical and emotional injury, loss of life, and other constitutionally protected rights described above.  Plaintiff's Estate also sustained damages under Michigan's wrongful death statute, MCL 600.2922.

37.  Defendant City of South Haven acting under color of state law, authorized, tolerated, ratified, permitted, or acquiesced in the creation of policies, practices, and customs, establishing a de facto policy of deliberate indifference to individuals such as Plaintiff's decedent.

10

38.    As a direct and proximate result of these policies, practices, and customs, Plaintiff's decedent was deprived of her constitutionally protected rights described above.

PLAINTIFF REQUESTS this court enter judgment against Defendant in an amount consistent with the damages sustained and as outlined above.

## COUNT III – NEGLIGENCE/PREMISES LIABILITY
## KORY M. ERNSTER

39.    Plaintiff hereby incorporates by reference paragraphs 1 through 39 as set forth above.

40.    On August 8, 2022, at approximately 1:00 p.m., Plaintiff's decedent Kory Ernster (22) was swimming under yellow flag conditions posted by Defendant City of South Haven on Defendant's South Beach as an invitee, as more fully established by the following particulars:

A.    On the date of Plaintiff's decedent's death, Defendant City of South Haven's South Beach was held open for public patronage and use to the general public.

B.    Plaintiff's decedent entered South Beach through an unlocked entrance maintained by the establishment for visitor's use and was present as a paying patron during regular business hours while utilizing the beach.

C.    Plaintiff's decedent was expressly or impliedly invited upon the beach controlled by Defendant City of South Haven by way of oral invitations, written signs and/or advertisement.

D.    Plaintiff's decedent was on the business premises of Defendant City of South Haven's beach for the business purpose for which the beach was held open and transacted business in connection therewith.

41.    On or about August 8, 2022, at approximately 1:00 p.m., Plaintiff's

11

decedent was swimming under yellow flags[2] conditions posted by Defendant's employees and/or agents on Defendant City of South Haven's South Beach when he went under the surface due to rip currents and drowned.

42. Defendant was or should have been aware of the dangerous conditions as weather forecasts warned of beach hazards from St. Joseph to Manistee.

43. Also, the National Weather Service (NWS) had previously begun warning of dangerous conditions, specifically:

- High swim risk
- Waves 4 to 7 feet
- Waves/currents especially dangerous near piers

44. Regarding the aforementioned hazardous conditions, Defendant City of South Haven negligently and/or grossly negligently caused and allowed the hazard flags to remain at yellow along the section of beach where Plaintiff's decedent was swimming despite being on notice of hazardous conditions, so as to dangerously minimize the hazardous swimming conditions and failing to acknowledge the unsafe and unreasonably dangerous conditions then existing, thereby making the area unfit for persons to swim, all of which Defendant knew, or in the exercise of reasonable care, should have known.

45. Defendant City of South Haven owned, managed and/or exercised control of South Beach and the flag warning system at the time of this incident

---

**2** Defendant provides yellow flags indicate moderate surf and caution is advised. Red flags indicate no swimming is allowed. The flags were changed to red following this incident.

12

when the Plaintiff's decedent swam under yellow flag conditions posted by Defendant on South Beach when he encountered the dangerous conditions in the water, causing him to go under the surface and drown.

46.     Defendant has experienced several prior drownings on South Beach due to hazardous wave conditions and improper flag warnings.

47.     MCL 691.1413 provides:

Sec. 13.
<u>The immunity of the governmental agency shall not apply to actions to recover for bodily injury or property damage arising out of the performance of a proprietary function as defined in this section.</u> Proprietary function shall mean any activity which is conducted primarily for the purpose of producing a pecuniary profit for the governmental agency, excluding, however, any activity normally supported by taxes or fees. No action shall be brought against the governmental agency for injury or property damage arising out of the operation of proprietary function, except for injury or loss suffered on or after July 1, 1965.

48.     On the aforementioned date, Defendant had a duty to exercise ordinary care and caution in and about the maintenance of the flag warning system on the beaches in light of existing weather/wave conditions and had a duty to keep the same monitored at all times and updated regularly for Plaintiff's decedent and other persons lawfully swimming in the area, so as not to permit swimming under hazardous conditions.

49.     On the aforementioned date, Plaintiff's decedent exercised ordinary care and caution and behaved in a reasonable and prudent manner, pursuant to the existing warnings posted by Defendant.

50.     Defendant failed to exercise ordinary care and caution in and about the maintenance of the flag warning system and beaches under its control and failed to keep the flag warning system updated and appropriate for conditions for

13

Plaintiff's decedent and other persons lawfully swimming in the area.

51.    On the aforementioned date, Defendant carelessly, negligently and/or grossly negligently operated/maintained the beach flag warning system.   It was this grossly negligent and careless operation/maintenance of Defendant City of South Haven's flag warning system which caused or contributed to the damages and injuries to Plaintiff's decedent in the following particulars:

A.    Defendant maintained the beach flag system in a manner so as to create a hazardous and dangerous condition.

B.    Defendant failed to keep the beach safe and clear for its invitees in general and Plaintiff's decedent in particular by not properly monitoring its flag system.

C.    Defendant failed to update the warning system for South Beach consistent with existing wave/current conditions of which it was on notice.

D.    Defendant failed to properly operate the beach flag system and warn Plaintiff's decedent of the dangerous and hazardous conditions then and there existing.

E.    Defendant failed to close the beach or take other actions to prevent swimming under the existing conditions.

F.    Defendant failed to inspect the water conditions in order to discover and diminish the hazard of injury to its invitees in general and Plaintiff's decedent in particular by updating the flag system.

G.    Defendant failed to timely place a red flag or close the beach to the public in light of the known wave conditions so as to diminish the hazard of injury to its invitees in general and to Plaintiff's decedent in particular.

H.    Defendant failed to have in place, at the time of Plaintiff's decedent's injuries, a procedure for the inspection of water on its beach as well as for the updating of the flag warning system.

I.    Defendant failed to exercise that degree of care, caution and

14

circumspection that an entity maintaining a beach would generally exercise under the same or similar circumstances so that its invitees in general and Plaintiff's decedent in particular would not suffer harm.

J.     Defendant failed to inspect, discover or otherwise observe the wave conditions then and there existing in order to determine whether its invitees in general, and Plaintiff's decedent in particular could use its beach with reasonable safety.

K.     Defendant knew, or in the exercise of reasonable care, should have known that a dangerous and hazardous condition existed and that serious injury and/or death could result therefrom.

L.     Defendant City of South Haven, and/or its employees/agents knew, or in the exercise of reasonable care, should have known that their failure to adequately upgrade the hazard flag or close the beach could result in serious injury and/or death to its invitees in general and Plaintiff's decedent in particular.

M.     Defendant failed to have in place and/or follow a written policy regarding inspection of its beaches and wave conditions at the time of Plaintiff's decedent's injuries.

N.     Defendant City of South Haven failed to adequately train its employees regarding inspecting its beaches for dangerous and hazardous conditions.

O.     Defendant failed to place lifeguards or other trained personnel to monitor the beach and flag warning system.

52.     Any negligence on the part of Defendant City of South Haven's employees, servants and/or agents is imputed to and becomes the negligence of the City through the doctrine of respondeat superior.

53.     As a direct and proximate result of Defendant's negligence, Plaintiff's decedent was seriously injured in his health, strength and activity sustaining injury to his body including, but not limited to: (1) loss of life/drowning; (2) Estate

15

damages for loss of society and companionship.

54.     Plaintiff, on behalf of the Estate and all individuals entitled to damages under the wrongful death act, requests all damages that are fair and just under the circumstances, including, without limitation the following:

      A.     Reasonable medical, hospital, funeral and burial expenses;

      B.     Reasonable compensation for the pain and suffering the decent experienced while he was conscious during the time between his injury and his death;

      C.     Losses suffered by the next of kin as a result of the decedent's death, including the following:

            i.     Loss of financial support;

            ii.     Loss of services;

            iii.     Loss of gifts and other valuable gratuities;

            iv.     Loss of parental training and guidance;

            v.     Loss of society and companionship, and

            vi.     Other miscellaneous losses.

## COUNT IV – 42 USC § 1983
## KORY M. ERNSTER

Plaintiff hereby incorporates by reference paragraphs 1 through 55 as set forth above.

55.     This action arises under 42 USC 1983. Jurisdiction is conferred by 28 USC 1331, 1343(3), (4).

56.     When the events alleged in this complaint occurred, Defendant City of South Haven's employes and/or agents were acting within the scope of their employment and under color of law, as well as under the customs and policies of the city.

16

57.     At all material times, Defendant employed or utilized the services of employees and/or agents in regard to operation of the flag warning system on its beaches and is liable for their acts.   The county is also liable because of its policies, practices, and customs, which lead to this complaint of violation.

58.     On or about August 8, 2022, at approximately 1:00 p.m., Plaintiff's decedent was swimming under yellow flag conditions posted by Defendant's employees and/or agents on Defendant City of South Haven's South Beach when he went under the surface due to rip currents and drowned.

59.     Due to lack of lifeguards or qualified personnel on the beaches, Plaintiff's decedent had to be pulled from the water by other beach goers.

60.     Plaintiff's decedent's constitutionally protected rights that Defendant violated include the following:

61.     a.     his right to liberty protected in the substantive component of the Due Process Clause of the Fourteenth Amendment, which includes personal safety, freedom from captivity, and right to medical care and protection;

        b.     his right to fair and equal treatment guaranteed and protected by the Equal Protection Clause of the Fourteenth Amendment.

62.     Defendant's employees and/or agents acting under color of state law, provided Plaintiff's decedent a false sense of security by posting yellow flags on the baches in light of the hazardous wave/current conditions.   In doing so, they established a special custodial relationship with Plaintiff's decedent, giving rise to

17

affirmative duties on their part to secure for him the constitutionally protected rights identified above.

63.    Defendant's employees' and/or agents' violation of their affirmative duties in posting yellow flags despite hazardous wave conditions and their knowledge of said conditions prevented Plaintiff's decedent from making an informed decision and violated his constitutionally protected rights. This situation, while Plaintiff's decedent was acting upon Defendant's direction and flag warning system, is a direct and proximate cause of the subsequent deprivation of Plaintiff's decedent's constitutional rights described above.

64.    Defendant's employees and/or agents acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiff's decedent's constitutional rights.  Further, their custom and practice of not properly utilizing the flag warning system and not providing lifeguards or qualified personnel on the beaches in light of the history of drownings, showed deliberate indifference to Plaintiff's decedent's personal safety and was a deprivation of his constitutionally protected rights.

65.    Defendant's employees'/agents' previously described posting of yellow warning flags in light of known hazardous conditions and failure to provide lifeguards, was done with a knowing disregard of an excessive risk to Plaintiff's decedent's health or well-being.

66.    As a direct and proximate result of Defendant's employees'/agents' conduct, Plaintiff's decedent suffered physical and emotional injury, loss of life, and

18

other constitutionally protected rights described above.   Plaintiff's Estate also sustained damages under Michigan's wrongful death statute, MCL 600.2922.

67.     Defendant City of South Haven acting under color of state law, authorized, tolerated, ratified, permitted, or acquiesced in the creation of policies, practices, and customs, establishing a de facto policy of deliberate indifference to individuals such as Plaintiff's decedent.

68.     As a direct and proximate result of these policies, practices, and customs, Plaintiff's decedent was deprived of his constitutionally protected rights described above.

PLAINTIFF REQUESTS this court enter judgment against Defendant in an amount consistent with the damages sustained and as outlined above.

Dated: November 20, 2023                    MARIENFELD LAW, PLLC

By: _____
        Ronald L. Marienfeld II (P64232)
        Attorney for Plaintiffs

RLM/bh

**TRUE COPY**

NOV 2 2 2023

Van Buren County Clerk

19